UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**LAURYN DIANE HOKE,**

    **Plaintiff,**

**vs.**                                            **CASE NO.: 5:11cv0050-RS-CJK**

**DELTA AIR LINES, INC.,**

    **Defendant.**

_____/

## **PROTECTIVE ORDER**

Before me is the Agreed Motion for Protective Order (Doc. 28).

Upon agreement of Plaintiff LAURYN DIANE HOKE and Defendant DELTA AIR LINES, INC. ("Delta"), this Court enters this Protective Order ("Order") concerning all documents produced by Delta in this matter ("the Subject Documents").

**IT IS ORDERED** that the Subject Documents shall be produced subject to the following conditions and that the Plaintiff shall be bound to maintain the confidentiality of the Subject Documents in accordance with the following terms:

1.    Access to the Subject Documents shall be restricted and limited to "Qualified Persons."

2.    "Qualified Persons," as used herein means:

    a.    Attorneys of record for the parties, the parties to this litigation, and employees of such attorneys to whom it is reasonably necessary that the Subject Documents be shown for purposes of rendering assistance in this litigation;

    b.  The Court and court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation or trial of this litigation; and

  3.  The Plaintiff shall not under any circumstances sell, offer for sale, advertise, or publicize the Subject Documents or any information contained therein.  The Plaintiff and each "Qualified Person" receiving the Subject Documents shall use such designated information solely in connection with this litigation and not for any business or competitive function and such information shall not be disclosed to anyone except as provided herein.

  4.  If the Plaintiff is served with a demand in another action to which she is a party or with a subpoena and directed to produce the Subject Documents, she shall object to the production of the Subject Documents setting forth the existence of this Order.  The Plaintiff shall also give notice to Delta that it has been requested to produce the Subject Documents.

  5.  If a party wishes to file the Subject Documents with the Court, said information shall be filed in a sealed envelope marked with the case name and the number of this action, the title "Delta Documents" designated as "Confidential Information" and a statement substantially in the following form:

  CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER.  THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT.  THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER.

6. All counsel for the parties who have access to the Subject Documents under this Protective Order acknowledge that they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

7. The Plaintiff shall destroy the Subject Documents, including copies thereof, within 45 days of the final resolution of this litigation (whether by judgment, settlement, or otherwise).

**ORDERED** on October 11, 2011.

    /S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**